**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TERESA L. TURNER,**

    **Plaintiff,**

v.                                                     **Case No.  8:07-CV-1567-T-30TBM**

**E-Z RENT A CAR, INC. and**
**THOMAS HURLEN,**

    **Defendants.**
_____/

## REMAND ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Remand (Dkt. 4). Defendants have not filed a response in opposition thereto. See Local Rule 3.01(b). The Court, having considered the motion and applicable statutes and being otherwise advised in the premises, determines that Plaintiff's Motion for Remand should be granted.

Driving a rental vehicle owned by Defendant E-Z Rent a Car ("E-Z"), Defendant Hurlen, a resident of Norway, collided with Plaintiff's vehicle at the intersection of 54th Avenue North and 40th Street North in St. Petersburg, Florida, on July 20, 2005. Plaintiff filed the instant action against the Defendants in the Sixth Judicial Circuit Court in and for Pinellas County, Florida, on July 23, 2007, seeking compensatory damages for personal injuries arising from said motor vehicle accident. In his complaint, Plaintiff asserts that his injuries were the result of Defendant Hurlen's negligent operation or failure to maintain the vehicle such that it collided with Plaintiff's vehicle.

Plaintiff served non-resident Defendant Hurlen by forwarding a copy of the summons and complaint to the Office of the Florida Secretary of State, Division of Corporations, in Tallahassee, Florida, pursuant to Fla. Stat. § 48.171,[1] on August 1, 2007. Notice of the acceptance of service of process on behalf of Defendant Hurlen was mailed to Plaintiff by Division of Corporations personnel on August 3, 2007. Plaintiff mailed a copy of the confirmation of service to Defendant Hurlen's counsel on August 22, 2007.

Defendant Hurlen filed a Notice of Removal of the lawsuit to this Court on September 4, 2007. In support of his Notice of Removal, Defendant Hurlen relies on 28 U.S.C. §§ 1369(a)(2) and (c)(1) and 1441(e)(1)(A). Plaintiff cites the lack of diversity of citizenship as grounds for the motion to remand. While Defendant Hurlen acknowledges that Defendant E-Z is a Florida Corporation and Plaintiff is a resident of Florida, see 14 U.S.C. 1441(b) (barring removal on the basis of diversity if any "part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought."); Lincoln Property Co. v. Roche, 546 U.S. 81, 90 (2005), he contends that the "minimal diversity" provisions of § 1369(a)(2) should be applied here because he is a citizen of Norway.

The Multiparty, Multiforum, Trial Jurisdiction Act of 2002 ("MMTJA"), codified at 28 U.S.C. § 1369, was enacted "to make the process of adjudicating common disaster lawsuit . . . more convenient to all of the litigants concerned." Passa v. Derderian, 308 F.Supp.2d 43, 54 (D.R.I. 2004) (construing the MMTJA in light of a motion to dismiss for lack of subject

---

[1] "Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators . . . of operating a motor vehicle . . . within the state . . . constitutes the Secretary of State his or her agent for the service of process in any civil action begun in the courts of the state against such operator . . . arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved." Fla. Stat. § 48.171 (2007).

matter jurisdiction consolidated claims arising from a fire at a nightclub that killed 100 people and injured 200 others) (citation omitted). Enacted in 2002 shortly after the terrorist attacks of September 11, 2001, the MMTJA seeks "to allow full consolidation of state and federal cases related to a common disaster to eliminate multiple or inconsistent awards arising from multiforum litigation." Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 463 F.Supp.2d 583, 590 (E.D. La. 2006) (citation omitted).

Specifically, § 1369(a) provides that "district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, *where at least 75 natural persons have died in the accident* at a discrete location, if . . . any two defendants reside in different States regardless of whether such defendants are also residents of the same State or States." 28 U.S.C. § 1369(a)(2) (emphasis added). "Minimal diversity," as defined for purposes of § 1369, "exists between adverse parties if any party is a citizen of a State and any adverse party is a citizen of another State, a citizen or subject of a foreign state, or a foreign state as defined in Section 1603(a) of this title."[2] 28 U.S.C. § 1369(c)(1). While there is no dispute regarding Defendant Hurlen's Norwegian residency, this matter does not involve "at least 75 natural persons" who died in the accident giving rise to this cause of action.

It is well-settled that the party invoking federal court jurisdiction bears the burden of proving its existence. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S.

---

[2]Section 1603 defines the terms "foreign state," "agency or instrumentality of a foreign state," the "United States," a "commercial entity," and "commercial activity carried on in the United States by a foreign state," as those terms are used in the chapter governing "Jurisdictional Immunities of Foreign States," implemented to protect the rights of foreign states and litigants in United States courts. See 28 U.S.C. §§ 1602 - 1611 (2007).

178, 182-83 (1936). Given that Defendant Hurlen has failed to establish that this cause of action "could have been brought in a United States district court under section 1369," his reliance on 28 U.S.C. § 1441(e)(1)(A)[3] is likewise misplaced. Having also failed to establish that this Court would have had original jurisdiction of this case had it been filed here, Defendant Hurlen's Notice of Removal is fatally flawed.  Since no basis exists (or existed at the time of removal) to support the Court's exercise of subject matter jurisdiction over the this cause of action, remand is required.

It is therefore ORDERED AND ADJUDGED that:

1.	Plaintiff's Motion for Remand (Dkt. 4) is **GRANTED**. The Clerk is directed to **remand** this case to the Sixth Judicial Circuit Court in and for Pinellas County, Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

2.	The Clerk is directed to **CLOSE** this file and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on October 17, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-CV-1567 Remand Order.frm

---

[3]"[A] defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if – (A) the action could have been brought in a United States district court under section 1369 of this title; or (B) the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter." 28 U.S.C. § 1441.